UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LUIS ENRIQUE PEREZ FUENTES, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> BRISON SWEARINGEN, ) <br> SAMUEL OLSON, ) <br> TODD LYONS, ) <br> KRISTI NOEM, ) <br> PAMELA BONDI, ) <br> ) <br> Respondents. ) | No. 2:25-cv-00565-MPB-MKK |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING FURTHER PROCEEDINGS**

Petitioner Luis Enrique Perez Fuentes is detained at the Clay County Jail in Brazil, Indiana, under the authority of U.S. Immigration and Customs Enforcement ("ICE"). He petitions for immediate release or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a) within 3 days, at which Respondents bear the burden of justifying their continued detention by clear and convincing evidence. The crux of his petition is that the only statute authorizing his detention makes him eligible for bond and that Respondents' refusal to consider bond makes his continued detention unlawful. The government argues in response that Petitioner's detention is lawful, that it does not violate due process, and that the only available remedy, if any, is a bond hearing.

Collectively, the parties' submissions demonstrate that Petitioner is statutorily eligible for bond and that his continued detention without a bond hearing is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Therefore, the petition is **granted**.

## I. Facts

Petitioner is a citizen of Mexico and entered the United States without inspection as a minor on June 14, 2022, and was granted voluntary return. Dkt. 10-1 at 2. He was apprehended again on July 2, 2022. *Id*.

If Petitioner was an "alien arriving in the United States," the government was obligated by statute to immediately order him removed from the United States or refer him to an asylum officer, at which point he would have been subject to either removal or mandatory detention pending review of his claims. 8 U.S.C. § 1225(b)(1). Alternatively, if Petitioner was "an applicant for admission" to the United States, the government was obligated to detain him pending resolution of removal proceedings. 8 U.S.C. § 1225(b)(2).

The government did not exercise either authority. Instead, officials issued a notice to appear directing Petitioner to appear before an immigration judge and released him on his own recognizance. Dkt. 10-1 at 2. The notice to appear was never filed with immigration court. *Id*.

On November 6, 2025, Petitioner was detained by ICE pursuant to a warrant. Dkt. 10-1 at 10. The same day, ICE issued a notice to appear before an immigration judge on November 24, 2025. *Id*. at 5. The notice identifies Petitioner as "an alien present in the United States who has not been admitted or paroled," not as "an arriving alien." *Id*. The notice also does not identify Petitioner as an applicant for admission. *Id.*

## II. Exhaustion

At the time of filing, Petitioner had yet to appear before an immigration judge. Respondents argue that, as a result, the instant petition is premature because Petitioner has not exhausted all available administrative remedies. Petitioner argues that any attempt to exhaust his administrative remedies would be futile because an IJ would deny his request for a bond hearing

2

under the recent Bureau of Immigration Appeals ("BIA") decisions *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), and *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025). Both *Yajure Hurtado* and *Q. Li* held that IJs do not have the authority to hold a bond hearing where the moving noncitizen entered the country without inspection.[1] Because Petitioner entered the country without inspection, if he were to move for a bond hearing, an IJ following these decisions would have to decline jurisdiction over the issue.

Respondents do not cite a statute requiring Petitioner to move for a bond hearing before an IJ before seeking habeas relief but cite, instead, a non-binding district court case from the Sixth Circuit. Dkt. 10 at 5 (citing *Abdoulaye Ba v. Director of Detroit Field Office, ICE*, No. 4:25-CV-02208, 2025 WL 2977712, at *2 (N.D. Ohio Oct. 22, 2025)). In the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether courts should require exhaustion. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). Requiring Petitioner to exhaust his administrative remedies here would be futile. As another trial court in the Seventh Circuit has noted, "[Respondents'] argument is Kafkaesque. Requiring Petitioner to exhaust his administrative remedies would be futile because Respondents' position is that he is *statutorily precluded* from obtaining the relief he seeks. The Court declines to require exhaustion because [t]here is nothing to indicate the BIA would change its position [once] the BIA has predetermined the statutory issue." *Valencia v. Noem*, No. 25-CV-12829, 2025 WL 3042520, at *2 (N.D. Ill. Oct. 31, 2025) (internal quotes and citations omitted). As the government has done in other cases, Respondents here repeat the argument that Petitioner must exhaust his administrative remedies, but they do not deny that immigration judges and the BIA are bound to find Petitioner ineligible

---

[1] As will be explained below, *Matter of Hurtado's* rationale is that noncitizens who entered without inspection are subject to the mandatory detention provision in § 1225, not the discretionary detention provision in § 1226(a).

3

for bond pursuant to *Yajure Hurtado* and *Q. Li*. The Court finds that exhaustion of Petitioner's administrative remedies, such as they are, would be futile and, therefore, not required.

### III. Eligibility for Bond

Petitioner contends that the government's authority to detain him derives from 8 U.S.C. § 1226(a), which states, in relevant part:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [P]ending such decision, the Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on [. . .] bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or [. . .] conditional parole.

The government, however, argues that they are authorized to detain him by § 1225(b)(2)(A), which states: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a" removal proceeding. The BIA provided its analysis of this authority as follows:

> Aliens, like the respondent, who surreptitiously cross into the United States remain applicants for admission until and unless they are lawfully inspected and admitted by an immigration officer. Remaining in the United States for a lengthy period of time following entry without inspection, by itself, does not constitute an "admission." *See* INA § 101(a)(13)(A), 8 U.S.C. § 1101(a)(13)(A) (2018) (defining "admission"). Likewise, being arrested pursuant to a warrant and placed into removal proceedings does not constitute an admission. Therefore, just as Immigration Judges have no authority to redetermine the custody of arriving aliens who present themselves at a port of entry, they likewise have no authority to redetermine the custody conditions of an alien who crossed the border unlawfully without inspection, even if that alien has avoided apprehension for more than 2 years.

*Yajure Hurtado*, 29 I. & N. Dec. at 228.

4

Petitioner bases his petition on the proposition that this reasoning—and therefore § 1225—does not apply to his arrest and detention. He maintains that the government released him on his own recognizance under § 1226 and that he remained subject to § 1226 when it redetained him this year.

The government responds that, he "is plainly seeking admission to the United States by bringing this habeas action and not voluntarily departing the United States as he did before," and so he is subject to mandatory detention under § 1225(b)(2)(A). Dkt. 10 at 10.

Since the BIA issued *Yajure Hurtado*, the federal courts have issued dozens of opinions in habeas actions by detainees claiming to be subject to § 1226 but who the government insists are subject to mandatory detention under § 1225. Respondents argue that Petitioner is an "applicant for admission" according to *Homeland Security v. Thuraissigiam*, 591 U.S. 103, 118–19 (2020), which held that a noncitizen apprehended 25 yards from the border and seeking admission was not entitled to habeas relief. Dkt. 10 at 10. But *Thuraissigiam* is legally and factually distinct from the petition. The *Thuraissigiam* Court makes the distinction clear:

> While aliens who have established connections in this country have due process rights in deportation proceedings, the Court long ago held that Congress is entitled to set the conditions for an alien's lawful entry into this country and that, as a result, an alien at the threshold of initial entry cannot claim any greater rights under the Due Process Clause. Respondent attempted to enter the country illegally and was apprehended just 25 yards from the border. He therefore has no entitlement to procedural rights other than those afforded by statute.

591 U.S. at 118-119. (internal citations omitted). In contrast to the *Thuraissigiam* petitioner, Petitioner has resided within the United States since 2022; he was not apprehended mere yards from the territorial border. Respondents' citation to several district court opinions endorsing the government's new interpretation of § 1225 are also unavailing and not binding on this Court.

5

Respondents' interpretation also disregards the relationship between § 1225 and § 1226 within the INA. While § 1225 focuses on "inspection" of "arriving aliens," § 1226 pertains to the "[a]pprehension and detention of aliens." The plain language here suggests that § 1226—not § 1225—applies to Petitioner because he is an alien, who was "apprehended" and "detained." A noncitizen "cannot be subject to both mandatory detention under § 1225 and discretionary detention under § 1226." *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *4 (S.D.N.Y. Aug. 13, 2025). The provisions "can be reconciled only if they apply to different classes of aliens." *Romero v. Hyde*, No. CV 25-11631-BEM, 2025 WL 2403827, at *11 (D. Mass. Aug. 19, 2025).[2]

In this case the Respondents' actions and their representations to Petitioner demonstrate that his detention is governed by § 1226, and detention pursuant to § 1225 was, therefore, incorrect.

If Petitioner was an applicant for admission by virtue of his entry into the United States, the government was statutorily obligated to detain him under § 1225(b) when it initially apprehended him. It did not do so. Instead, it released him on his own recognizance. In such cases, § 1226 is the *only* basis for release. Under § 1225, the government could only remove him or detain him pending review by an asylum officer. The fact that the government released Petitioner on his own recognizance is strong evidence that he is subject to § 1226 rather than § 1225.

---

[2] A few district courts have adopted the government's prescribed interpretation by conceiving of §§ 1225 and 1226 as not mutually exclusive. *See Sandoval Acuna*, 2025 WL 3048926, at *6 ("First, many of these cases rest upon the premise that §§ 1225 and 1226 are mutually exclusive. In *Jennings*, the Supreme Court did not state that § 1225(b) applies *only* to aliens seeking entry into the United States; instead, the *Jennings* Court stated that '§ 1225(b) applies primarily to aliens seeking entry into the United States.'"); *Vargas Lopez*, 2025 WL 2780351, at *9 n.5 ("*Jennings* does not state that § 1225(b) and § 1226(a) apply to distinct groups of aliens . . . As a matter of plain language, the additional aliens to whom § 1225(b) applies are 'alien[s] present in the United States who ha[ve] not been admitted' according to the definition of 'applicants for admission' in § 1225(a)(1). That is arguably the same group of aliens to which the Supreme Court stated § 1226(a) applies"). This Court does not find *Sandoval Acuna* or *Vargas Lopez* persuasive because a noncitizen cannot be subjected to both discretionary detention and mandatory detention at the same time.

"[T]he Government has affirmatively decided to treat" Petitioner "as being detained under Section 1226(a) and it cannot now be heard to change its position to claim that [he is] detained under Section 1225(b)." *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025) (citing *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)); *see also Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2741654, at *9 (N.D. Cal. Sept. 26, 2025) ("[T]he government cannot switch tracks and subject Petitioners to mandatory detention under section 1225(b)(2) when the government has instead placed Petitioners in removal proceedings under section 1229a and released them on their own recognizance under section 1226(a)."); *cf. Fornalik v. Perryman*, 223 F.3d 523, 530 (7th Cir. 2000) ("Where . . . the last office to act has full knowledge of the actions taken by other branches of the same agency, it cannot simply issue a decision and expect its pronouncement to have no effect. . . . We REVERSE the judgment of the district court and REMAND this case with instructions to the Chicago office of the INS to respect the deferral decision currently in effect, unless and until, *through authorized procedures*, the agency as a whole comes to a final decision on Boguslaw Fornalik's status.") (emphasis added).

**IV. Revocation of Release on Recognizance and Fifth Amendment Due Process**

Petitioner argues that ICE improperly revoked his 2022 release on recognizance when they redetained him. Dkt. 1 at 14. Petitioner also concedes, however, that "[h]ad they issued a warrant, his arrest under 8 U.S.C. § 1226(a), which provides for discretionary bond or release on recognizance, may have been proper." *Id*. at 13. Because Petitioner was, in fact, arrested pursuant to a warrant indicating detention pursuant to § 1226(a) and because the Court finds that only §

1226(a) applies to his detention, the Court need not inquire further into ICE's revocation of Petitioner's release on recognizance.

Petitioner also contests his continued detention on Fifth Amendment Due Process grounds. Because he is entitled to habeas corpus relief on the grounds discussed above, however, the Court reserves judgment on Petitioner's Constitutional claims.

## V. Scope of Relief

Immediate release is the customary remedy in habeas proceedings. *See Thursaissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, ordering an individualized bond hearing is appropriate here because detention under § 1226(a) is discretionary and the due process violation arises from Petitioner's detention without a bond hearing. Even still, the Court does not have authority to expand the procedural protections of § 1226(a) and will thus not shift the burden of proof. *See, e.g., Ali v. Achim*, 342 F. Supp. 2d 769, 775 (N.D. Ill. 2004) (declining to grant petitioner's request for periodic review and a shift of the burden of proof because the bond determination procedures in § 1226(a) and 8 C.F.R. § 1003.1(e)(8)(i) "already provide for the safeguard of individual bail determinations" and "do not violate Petitioner's procedural due process under the *Mathews* due process calculus").

## VI. Conclusion and Further Proceedings

Petitioner seeks a writ of habeas corpus requiring the Respondents to release him immediately or afford him a bond hearing. The Court has determined that Petitioner need not exhaust his claims for the reasons set out in Part II. And the Court has found, as explained in Part III, that Petitioner's detention is governed by 8 U.S.C. § 1226(a), he is therefore eligible for

8

(although not necessarily entitled to) bond, and the government's failure to provide a bond hearing, based on detention pursuant to § 1225, was factually and legally incorrect, making his current detention "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), and entitling him to a writ of habeas corpus. A bond hearing must be conducted forthwith.[3]

The petition for a writ of habeas corpus is **granted**. The Court **declares** that Petitioner's continued detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225, 1226. Respondents must either: (1) provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a); or (2) release Petitioner from custody, under reasonable conditions of supervision. Respondents will have **seven days** to notify the Court that Petitioner has received a bond hearing, affording him all proceedings and rights provided by § 1226 and its corresponding regulations, and that his claim for release on bond has been heard and considered on the merits, or that they have released him from custody.

The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Dated: November 25, 2025

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel of record

---

[3] The Court is aware that, at the time of briefing, Petitioner was scheduled to appear before an IJ on November 24, 2025. The Parties have not indicated Petitioner has received the relief he seeks or otherwise moved the Court to find the Petition moot.

9